**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JESUS MARIA TERRAZAS AND ELIZABETH SALAS | § § § § | |
| PLAINTIFFS | § § | |
| VS. | § § § | CIVIL ACTION NO. _____ JURY |
| REGGIE LARA, CYPRESS TRANSPORTATION, LLC, AND CYPRESS TRANSPORTATION SERVICES, LLC | § § § § § § | |
| DEFENDANTS | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Cypress Transportation, LLC and Reggie Lara (collectively "Defendants"), file this Notice of Removal of this action from the 125th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, the district and division embracing the place where the state court is located. This notice of removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### I.
#### STATEMENT OF THE CASE

On February 11, 2021, Plaintiffs Jesus Maria Terrazas and Elizabeth Salas filed a lawsuit against Defendants in the 125th Judicial District Court of Harris County, Texas (Cause No. 2021-08940, styled *Jesus Maria Terrazas and Elizabeth Salas v. Reggie Lara, Cypress Transportation, LLC and Cypress Transportation Services, LLC.*). Plaintiff's Original Petition ("Petition") has

been served on Defendants. Cypress Transportation, LLC received notice of the suit on March 11, 2021.[1] The Petition asserts a cause of action for negligence and gross negligence as a result of a motor vehicle accident which occurred in Crockett County, Texas and seeks damages relating to that negligence and gross negligence in excess of $75,000.00. A copy of the Petition and Citations served on Defendants are attached hereto as Exhibit 2 and 4, respectively. Removal is proper based in diversity jurisdiction as discussed herein.

## II.
### BASIS FOR DIVERSITY JURISDICTION

Removal is proper on diversity grounds pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446.

**A. Plaintiffs and Defendants Cypress Transportation, LLC and Reggie Lara are diverse.**

Plaintiffs Jesus Maria Terrazas and Elizabeth Salas are both citizens of the State of Texas.[2] A business is a citizen of the state in which it is incorporated in and the state in which it has its principal place of business.[3] Here, Defendant is a limited liability company. In determining the citizen of a limited liability company, courts look to the citizenship of its members.[4]

Defendant Cypress Transportation, LLC is a foreign limited liability company organized in the State of Arizona.[5] None of the members of this LLC are citizens of Texas.[6] Defendant Cypress Transportation, LLC's members are 1) R. Clifton D'Amato, who is a citizen of Colorado, 2) Joseph Matarazzo, who is a citizen of Colorado, and 3) Bob Turowski, who is a citizen of

---

[1] *See* Exhibit 4.
[2] *See* Exhibit 2, Petition ¶ 2.1
[3] *See* 28 U.S.C. § 1332(c).
[4] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).
[5] *See* Exhibit 2, Petition ¶ 2.4 and Exhibit 7, State of Arizona Articles of Organization
[6] See Exhibit 7.

Arizona.[7] Defendant Reggie Lara is a citizen of the State of Arizona.[8] Thus this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiffs and Defendants.

### B. Defendant Cypress Transportation Services, LLC has been improperly joined in this lawsuit.

With respect to the claims against defendant Cypress Transportation Services, LLC, it is Cypress Transportation, LLC's and Reggie Lara's position that this defendant is improperly joined in this action and is not a proper party to this lawsuit. Consequently, the Texas citizenship of Cypress Transportation Services, LLC should be disregarded for the purposes of evaluating diversity in this matter. The doctrine of improper joinder ensures that the presence of improperly joined, non-diverse defendants do not defeat federal removal jurisdiction premised in diversity.[9] The removing party bears the burden of demonstrating improper joinder.[10]

A removing party can establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[11] Under the second method, the test for improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[12] The *en banc* decision in *Smallwood* adopted this phrasing as the test for fraudulent joinder.[13]

---

[7] See Exhibit 7.
[8] *See* Exhibit 2, Petition ¶ 2.3
[9] *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).
[10] *See Id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1991)).
[11] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).
[12] *Id.* at 573.
[13] *Id.* ("To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the other appear to describe the same standard or not").

A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery in one of two ways.[14] "The court may [either] conduct a Rule 12(b)(6)-type analysis…[or], in its discretion, pierce the pleadings and conduct a summary inquiry."[15] Under the 12(b)(6)-type of analysis, the "complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'"[16]

Here, Plaintiffs do not offer any specific facts to support their claims against Cypress Transportation Services, LLC that are distinct and different from Plaintiffs' claims against Cypress Transportation, LLC. The causes of action against Cypress Transportation Services, LLC are identical to Cypress Transportation, LLC. The Court need not credit mere conclusory allegations or a "formulaic recitation of the elements of a cause of action."[17] "While legal conclusions can provide a framework of a complaint, they must be supported by factual allegations."[18] And, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[19]

Cypress Transportation Services, LLC is a domestic limited liability company formed in the State of Texas.[20] The only member of the LLC is Isaias Gonzalez who is both owner and director of Cypress Transportation Services, LLC, and he is a citizen of Texas.[21] The two Defendant limited liability companies are distinct and separate entities. There is no relationship

---

[14] *Id.*
[15] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016).
[16] *Id.* at *3 (quoting *Reese v. U.S. Bank Nat'l Ass'n*, 762 F.3d 442, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (U.S. 2007).
[17] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (U.S. 2007).
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
[19] *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more…than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).
[20] *See* Exhibit 8, Secretary of State of Texas Certificate of Formation for Cypress Transportation Services, LLC
[21] *See* Exhibit 9.

between Cypress Transportation Services, LLC and Cypress Transportation, LLC or any of their respective members.

On the date of the motor vehicle accident alleged in Plaintiffs' petition, Defendant Reggie Lara was an employee of Cypress Transportation, LLC and not Cypress Transportation Services, LLC. On the date of the motor vehicle accident alleged in Plaintiffs' petition, Defendant Reggie Lara was driving a vehicle owned by Defendant Cypress Transportation, LLC and not Cypress Transportation Services, LLC.[22] As such, Plaintiffs have no likelihood of recovery against Cypress Transportation Services, LLC and the Court should disregard the citizenship of Cypress Transportation Services, LLC, the non-diverse defendant.

### C. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.

When a defendant seeks removal on the basis of diversity jurisdiction, the amount in controversy must be established by the specific "good faith" sum demanded by the plaintiff in its initial pleading.[23] If the plaintiff does not state the amount of damages it seeks, the burden falls on the defendant seeking removal to prove the value of the plaintiff's claims.[24]

The defendant must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.[25] This burden is met when " (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000; or, alternatively, (2) the defendant sets forth

---

[22] *See* Exhibit 10.
[23] *See* 28 U.S.C. § 1446(c)(2).
[24] *See St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[25] *Maguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002).

'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount."[26]

Here, Plaintiff's Petition states at one point that the Plaintiff seeks monetary relief over $75,000.00, [27] at another point that Plaintiff seeks monetary recovery over $250,000.00,[28] and at another point that Plaintiff seeks monetary relief over $1,000,000.00.[29]

Since the amount in controversy exceeds $75,000, the court may exercise diversity jurisdiction over this action.

## III.
### PROCEDURAL REQUIREMENTS SATISFIED

Defendants' removal is timely under 28 U.S.C. 1446(b), because it is filed within thirty days of Defendants' receipt of the Petition, through service or otherwise. Further, in cases of improper joinder, the 30 day time period begins to run from the time the improper joinder is discovered.[30] When Defendant Cypress Transportation, LLC received notice of the lawsuit on March 11, 2021,[31] Defendant could reasonably ascertain that Cypress Transportation Services, LLC was not a proper party. The Southern District of Texas, Houston Division, is the appropriate federal court for purposes of this removal because it is the federal district and division that encompasses the 125th Judicial District Court of Harris County, Texas.[32]

---

[26] *Id.* (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F3d 848, 850 (5th Cir. 1999) and *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).
[27] Exhibit 2, Petition, ¶ 3.3
[28] Exhibit 2, Petition ¶ 1.1
[29] Exhibit 2, Petition ¶ 3.2
[30] *See Frisby v. Lumbermens Mut. Cas. Co.*, No. H-07-015, 2007 WL 2300331, at *2 (S.D. Tex. Feb. 20, 2007).
[31] *See* Exhibit 4.
[32] *See* 28 U.S.C. § 124(b)(2).

In accordance with 28 U.S.C. 1446(a) and Local Rule 81, Defendants have attached the following hereto: (1) a true and correct copy of all process, pleadings, and orders on file in the state court action,[33] (2) the docket sheet,[34] (3) an index of matters being filed,[35] and (4) a list of all counsel of record, including addresses, telephone numbers and parties represented.[36]

Defendants have simultaneously given prompt written notice of the filing of this Notice of Removal to all adverse parties and filed a copy of this Notice of Removal with the 125th Judicial District Court of Harris County, Texas.[37]

Consent of the improperly joined defendant is not necessary for removal.

## IV. CONCLUSION

Based upon the forgoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendants, Cypress Transportation, LLC and Reggie Lara hereby remove this case to this Court for trial and determination.

Respectfully submitted,

Olga S. Panchenko
State Bar No. 24058773
Federal Bar No. 1392574
Law Offices of Gabriel S. Hendrickson
2777 Allen Parkway, Suite 370
Houston, Texas 77019
Tele:  (832) 596-7083
Fax:   (830) 542-5616
Email:  Olga.panchenko@aig.com
**ATTORNEY IN CHARGE FOR**

---

[33] Exhibits 2, 3, 4, and 5
[34] Exhibit 6
[35] Exhibit 1
[36] Exhibit 11
[37] Exhibit 12

        **DEFENDANTS CYPRESS TRANSPORTATION, LLC AND REGGIE LARA**

**OF COUNSEL:**
**LAW OFFICES OF GABRIEL S. HENDRICKSON**
2777 Allen Parkway, Suite #370
Houston, Texas  77019
(713) 831-4800
(830)0542-5616 Fax

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the above and foregoing has been forwarded on this the 12th day of April, 2021 by:

| | |
|---|---|
| Mason W. Herring<br>Gramm J. Klein<br>HERRING LAW FIRM<br>2000 West Loop South, Suite 2200<br>Houston, Texas 77027 | ☐ Facsimile: 832-500-3172<br>☐ Efile/Electronic Filing:<br>   MHerring@herringlawfirm.com<br>   GKlein@herringlawfirm.com<br>☐ Hand Delivery<br>☐ Regular Mail<br>☐ Email<br>☐ Certified Mail, Return Receipt Requested |

_____
Olga S. Panchenko