2/11/2021 9:00 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50599392
By: Monica Jackson
Filed: 2/11/2021 9:00 PM

CAUSE NO. _____

| | | |
|---|---|---|
| JESUS MARIA TERRAZAS AND ELIZABETH SALAS, *Plaintiffs*, | § § § § § | IN THE _____ |
| V. | § § § | DISTRICT COURT |
| REGGIE LARA, CYPRESS TRANSPORTATION, LLC, AND CYPRESS TRANSPORTATION, SERVICES, LLC, *Defendants*. | § § § § § § § | OF HARRIS COUNTY TEXAS |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUIRED DISCLOSURES TO DEFENDANTS REGGIE LARA, CYPRESS TRANSPORTATION, LLC , AND CYPRESS TRANSPORTATION SERVICES, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Jesus Maria Terrazas and Elizabeth Salas hereby file their Original Petition, Jury Demand, and Required Disclosures to Defendants Reggie Lara, Cypress Transportation, LLC, and Cypress Transportation Services, LLC, and, in support thereof, would respectfully show the following:

## I.
## DISCOVERY CONTROL PLAN

1.1     Consistent with the requirements of TEX. R. CIV. P. 190.4, Plaintiffs intend to conduct discovery under Level 3, and pleads this action is not governed by the expedited actions process in TEX. R. CIV. P. 169, as Plaintiffs seeks monetary recovery over $250,000.

## II.
## PARTIES

**A.     Plaintiffs**

2.1     Plaintiff Jesus Maria Terrazas is and was a resident of the State of Texas as

all times relevant to this action.

2.2 Plaintiff Elizabeth Salas is and was a resident of the State of Texas at all times relevant to this action.

**B. Defendants**

2.3 Defendant Reggie Lara ("Lara") is a natural person and citizen of Arizona. Defendant Lara, however, engages in intentional, continuous, and systematic contacts with the State of Texas through his work with his employer, Defendant Cypress Transportation LLC. Defendant Lara may be served with process according to the Texas Long-Arm Statute by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, TX 78711, who can in turn serve Defendant Lara at his last known address at 12730 W. Ventura Street, El Mirage, Arizona, 85335, or wherever he may be found.

2.4 Defendant Cypress Transportation, LLC ("Cypress Transportation") is and was a Arizona limited liability company authorized to conduct business in the State of Texas both before and after the subject incident made the basis of this suit. Defendant Cypress Transportation, however, engages in intentional, continuous, and systematic contacts with the State of Texas through its agents and/or employees, including Defendant Lara. Defendant Cypress Transportation may be served with process according to the Texas Long-Arm Statute by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, Texas 78711, who in turn can serve Defendant Cypress Transportation by and through their registered agent for service of process in Arizona, CT Corporation System located at 3800 N. Central Avenue, Suite 460, Phoenix, AZ, 85012, or wherever it may be found.

Plaintiffs' Original Petition, Jury Demand, and Required Disclosures to Defendants Reggie Lara, Cypress Transportation LLC, and Cypress Transportation Services, LLC

Page 2 of 15

2.5     Defendant Cypress Transportation Services, LLC ("Cypress Services") is and was a Texas limited liability company authorized to conduct business in the State of Texas both before and after the subject incident made the basis of this suit. Defendant Cypress Services may be served with process by and through its registered agent Isaias Gonzalez, 8134 Cholla Canyon Lane, Cypress, Texas, 77433, or wherever it may be found.

## III.
## JURISDICTION AND VENUE

**A.     Jurisdiction**

3.1     This Court has subject matter jurisdiction because Plaintiff seeks damages in excess of the Court's minimum jurisdictional limits.

3.2     Plaintiff seeks monetary relief over $1,000,000.

3.3     Plaintiff expressly disavows any claims are being made pursuant to federal law, treatises, or constitutions. The amount in controversy exceeds $75,000, exclusive of costs and interest, and the Defendants are both citizens of Texas. Any removal, or consent to removal of this case to federal court would be improper.

3.4     This Court has personal jurisdiction over Defendant Lara because this suit arises out of, or relates to, Lara's activities within the State of Texas.

3.5     Further, Lara engages in intentional, foreseeable, continuous, and systematic contacts within Texas, to a degree said contacts render him "at home" in Texas.

3.6     This Court has personal jurisdiction over Defendant Cypress Transportation because this suit arises out of, or relates to, Cypress Transportation's activities within the State of Texas.

3.7     Further, Defendant Cypress Transportation engages in intentional, foreseeable, continuous, and systematic contacts within Texas, to a degree said contacts render it "at home" in Texas.

3.8 This Court has personal jurisdiction over Defendant Cypress Services because this suit arises out of, or relates to, Cypress Services' activities within the State of Texas.

3.9 Further, Defendant Cypress Services engages in intentional, foreseeable, continuous, and systematic contacts within Texas, to a degree said contacts render it "at home" in Texas.

3.10 Thus, there is both specific and general personal jurisdiction over each Defendant and exercising jurisdiction over each of them does not offend traditional notions of fair play and substantial justice.

**B. Venue**

3.11 Venue is proper in Ector County, Texas pursuant to:

a. TEX. CIV. PRAC. & REM. CODE §15.002(a)(3) because Defendant Cypress Services' principal place of business is located in Harris County, Texas.

## IV.
## BACKGROUND FACTS

4.1 On or about March 15, 2020, Plaintiffs Jesus Maria Terrazas and Elizabeth Salas were traveling eastbound in the outside lane of Interstate 10 in Crockett County, Texas.

4.2 At or about the same time, Defendant Lara was operating a commercial vehicle owned and controlled by Defendant Cypress Transportation and/or Defendant Cypress Services, towing a commercial trailer owned and controlled by Cypress Transportation and/or Cypress Services, traveling behind Plaintiffs eastbound in the outside lane of Interstate 10 in Crockett County, Texas.

4.3 At that time, and specifically at the time of the subject incident, Defendant Lara was: acting as an employee of Defendant Cypress Transportation and Defendant

3.8  This Court has personal jurisdiction over Defendant Cypress Services because this suit arises out of, or relates to, Cypress Services' activities within the State of Texas.

3.9  Further, Defendant Cypress Services engages in intentional, foreseeable, continuous, and systematic contacts within Texas, to a degree said contacts render it "at home" in Texas.

3.10  Thus, there is both specific and general personal jurisdiction over each Defendant and exercising jurisdiction over each of them does not offend traditional notions of fair play and substantial justice.

**B.  Venue**

3.11  Venue is proper in Ector County, Texas pursuant to:

a.  TEX. CIV. PRAC. & REM. CODE §15.002(a)(3) because Defendant Cypress Services' principal place of business is located in Harris County, Texas.

## IV.
## BACKGROUND FACTS

4.1  On or about March 15, 2020, Plaintiffs Jesus Maria Terrazas and Elizabeth Salas were traveling eastbound in the outside lane of Interstate 10 in Crockett County, Texas.

4.2  At or about the same time, Defendant Lara was operating a commercial vehicle owned and controlled by Defendant Cypress Transportation and/or Defendant Cypress Services, towing a commercial trailer owned and controlled by Cypress Transportation and/or Cypress Services, traveling behind Plaintiffs eastbound in the outside lane of Interstate 10 in Crockett County, Texas.

4.3  At that time, and specifically at the time of the subject incident, Defendant Lara was: acting as an employee of Defendant Cypress Transportation and Defendant

Cypress Services; working within the course and scope of his duties for Defendant Cypress Transportation and Defendant Cypress Services; acting as an agent on behalf of Defendant Cypress Transportation and Defendant Cypress Services; driving in the furtherance of a mission for the benefit of Defendant Cypress Transportation and Defendant Cypress Services; and/or subject to the control as to the details of the mission by Defendant Cypress Transportation and Defendant Cypress Services.

4.4  On that date, and specifically at the time of the subject incident, Defendants Cypress Transportation and Cypress Services were involved in a joint enterprise.

4.5  At approximately 9:30 a.m., Defendant Lara failed to control his speed and collided with Plaintiffs.

4.6  As a result of the collision, Plaintiffs were injured.

## V.
## CAUSES OF ACTION AGAINST DEFENDANT REGGIE LARA

**A.  Negligence**

5.1  Defendant Lara committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Plaintiffs' injuries and their resulting damages.

5.2  Defendant Lara's negligent acts include, but are not limited to:

    a.  Failure to maintain proper control of the subject vehicle;

    b.  Failure to pay attention and/or keep a proper lookout;

    c.  Failure to keep mental and physical alertness while operating the subject vehicle and subject trailer;

    d.  Failure to control his vehicle's speed;

    e.  Failure to stop;

    f.  Failure to yield;

    g.  Distracted driving; and/or

    h.    Failure to properly observe traffic.

**B.**    **Gross Negligence**

5.3    During relevant times to this action, Defendant Lara committed acts of omission and commission, which collectively and severally constituted gross negligence, and which were proximate causes of Plaintiffs' injuries and their resulting damages.

5.4    The wrong done by Defendant Lara, even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

5.5    Defendant Lara's conduct, when viewed objectively from his standpoint at the time of his conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Lara was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

## VI.
## CAUSES OF ACTION AGAINST DEFENDANT CYPRESS TRANSPORTATION, LLC

**A.**    **Negligence**

6.1    Defendant Cypress Transportation committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Plaintiffs' injuries and their resulting damages.

6.2    Defendant Cypress Transportation's negligent acts include, but are not limited to:

    a.    Failure to exercise due care in hiring Defendant Lara, including its failure to adequately inquire into Defendant Lara's qualifications, experience, and history;

  b. Failure to inquire and/or test, or failure to exercise due care in inquiring and/or testing, Defendant Lara's competence to operate a vehicle;

  c. Failure to train, or failure to exercise due care in training, Defendant Lara;

  d. Failure to monitor, or failure to exercise due care in monitoring, Defendant Lara's competence to operate vehicles, haul commercial trailers, or lack thereof;

  e. Failure to monitor and/or supervise, or failure to exercise due care in monitoring and/or supervising, Defendant Lara;

  f. Retaining Defendant Lara;

  g. Entrusting the subject vehicle and subject trailer to Defendant Lara.

**B. Vicarious Liability**

6.3 Additionally, Defendant Cypress Transportation is liable under the doctrine of *respondeat superior* for the conduct of Defendant Lara, as Defendant Lara's negligent actions occurred while in the course and scope of his duties for Cypress Transportation.

6.4 All of the acts of negligence described herein, and as specifically alleged against Defendant Cypress Transportation, were proximate causes of Plaintiffs' injuries and their resulting damages.

**C. Gross Negligence**

6.5 During relevant times to this action, Defendant Cypress Transportation, through its employee and/or agent, committed acts of omission and commission, which collectively and severally constituted gross negligence. Such gross negligence was a proximate cause of Plaintiffs' injuries and their resulting damages.

6.6 The wrong done by Defendant Cypress Transportation, even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was

aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

6.7 Defendant Cypress Transportation's conduct, when viewed objectively from their standpoint at the time of its conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Cypress Transportation was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

6.8 Further, Defendant Cypress Transportation authorized, condoned, approved, and/or ratified its employee's grossly negligent conduct that proximately caused Plaintiffs' injuries and their resulting damages.

6.9 Further, Defendant Lara was unfit for performing his assigned job duties, and Defendant Cypress Transportation was reckless in employing him.

### D. Negligent Undertaking

6.10 Defendant Cypress Transportation undertook to perform services for and/or in conjunction with Defendant Cypress Services including but not limited to, hiring, training, testing, monitoring, supervising, retaining, and dispatching drivers, and did so with specific regard to Defendant Lara.

6.11 Defendant Cypress Transportation knew, or should have known, said services and activities were necessary to protect those sharing the roadways with its and/or Defendant Cypress Services' drivers, yet failed to exercise reasonable and necessary care in performing said services.

6.12 Defendant Cypress Services, and their employees and agents, relied upon Defendant Cypress Transportation to perform said services with reasonable and necessary care.

6.13 Further, Cypress Transportation's performance, or lack thereof, of said services increased the risk of harm to others sharing the roadways with its and/or Defendant Cypress Services' drivers, including motorists such as Plaintiffs, their families, and other Texas families.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT CYPRESS TRANSPORTATION SERVICES, LLC

### A. Negligence

7.1 Defendant Cypress Services committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Plaintiffs' injuries and their resulting damages.

7.2 Defendant Cypress Services' negligent acts include, but are not limited to:

   a. Failure to exercise due care in hiring Defendant Lara, including its failure to adequately inquire into Defendant Lara's qualifications, experience, and history;

   b. Failure to inquire and/or test, or failure to exercise due care in inquiring and/or testing, Defendant Lara's competence to operate a vehicle;

   c. Failure to train, or failure to exercise due care in training, Defendant Lara;

   d. Failure to monitor, or failure to exercise due care in monitoring, Defendant Lara's competence to operate vehicles, haul commercial trailers, or lack thereof;

   e. Failure to monitor and/or supervise, or failure to exercise due care in monitoring and/or supervising, Defendant Lara;

   f. Retaining Defendant Lara;

   g. Entrusting the subject vehicle and subject trailer to Defendant Lara.

### B. Vicarious Liability

7.3     Additionally, Defendant Cypress Services is liable under the doctrine of *respondeat superior* for the conduct of Defendant Lara, as Defendant Lara's negligent actions occurred while in the course and scope of his duties for Cypress Services.

7.4     All of the acts of negligence described herein, and as specifically alleged against Defendant Cypress Services, were proximate causes of Plaintiffs' injuries and their resulting damages.

### C. Gross Negligence

7.5     During relevant times to this action, Defendant Cypress Services, through its employee and/or agent, committed acts of omission and commission, which collectively and severally constituted gross negligence. Such gross negligence was a proximate cause of Plaintiffs' injuries and their resulting damages.

7.6     The wrong done by Defendant Cypress Services, even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

7.7     Defendant Cypress Services' conduct, when viewed objectively from their standpoint at the time of its conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Cypress Services was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

7.8     Further, Defendant Cypress Services authorized, condoned, approved, and/or ratified its employee's grossly negligent conduct that proximately caused Plaintiffs' injuries and their resulting damages.

7.9     Further, Defendant Lara was unfit for performing his assigned job duties, and Defendant Cypress Services was reckless in employing him.

### D.     Negligent Undertaking

7.10    Defendant Cypress Services undertook to perform services for and/or in conjunction with Defendant Cypress Transportation including but not limited to, hiring, training, testing, monitoring, supervising, retaining, and dispatching drivers, and did so with specific regard to Defendant Lara.

7.11    Defendant Cypress Services knew, or should have known, said services and activities were necessary to protect those sharing the roadways with its and/or Defendant Cypress Transportation's drivers, yet failed to exercise reasonable and necessary care in performing said services.

7.12    Defendant Cypress Transportation, and their employees and agents, relied upon Defendant Cypress Services to perform said services with reasonable and necessary care.

7.13    Further, Cypress Services' performance, or lack thereof, of said services increased the risk of harm to others sharing the roadways with its and/or Defendant Cypress Transportation's drivers, including motorists such as Plaintiffs, their families, and other Texas families.

## VIII.
## JOINT ENTERPRISE

8.1     Defendants Cypress Transportation and Cypress Services were engaged in a "joint enterprise" as a term that is understood in Texas law, and at all times relevant to this action were involved in a mutual undertaking with a common business and/or pecuniary purpose.

8.2     Thus, Defendants Cypress Transportation and Cypress Services were acting as an agent of the others and are liable for each other's negligence related to the subject incident.

8.3     Specifically, Defendants Cypress Transportation and Cypress Services had:

    a.     An express or implied agreement;

    b.     A common purpose to be carried out by the enterprise;

    c.     A community of pecuniary interest in that common purpose; and

    d.     An equal right to direct and control aspects of the joint enterprise.

8.4     Some or all of the negligent acts alleged against Defendants Cypress Transportation and Cypress Services herein were committed while acting within the scope of the joint enterprise and were the proximate causes of Plaintiff's injuries and their resulting damages.

## IX.
## DAMAGES

**A.    Plaintiff Jesus Maria Terrazas' Personal Injury Damages**

9.1     As a result of the negligent acts and omissions committed by Defendants, Plaintiff Jesus Maria Terrazas' has sustained damages in the past, and will continue to sustain damages in the future including, but not limited to:

    a.     Past physical pain;

    b.     Future physical pain;

    c.     Past mental anguish;

    d.     Future mental anguish;

    e.     Past loss of earning capacity;

    f.     Future loss of earning capacity;

    g.     Past disfigurement;

      h.    Future disfigurement;

      i.    Past physical impairment;

      j.    Future physical impairment;

      k.    Past medical care expenses; and

      l.    Future medical care expenses;

**B.**    **Plaintiff Elizabeth Salas' Personal Injury Damages**

    9.2    As a result of the negligent acts and omissions committed by Defendants, Plaintiff Elizabeth Salas has sustained damages in the past, and will continue to sustain damages in the future including, but not limited to:

      a.    Past physical pain;

      b.    Future physical pain;

      c.    Past mental anguish;

      d.    Future mental anguish;

      e.    Past loss of earning capacity;

      f.    Future loss of earning capacity;

      g.    Past disfigurement;

      h.    Future disfigurement;

      i.    Past physical impairment;

      j.    Future physical impairment;

      k.    Past medical care expenses; and

      l.    Future medical care expenses;

**C.**    **Exemplary Damages**

    9.3    As a result of the gross negligence committed by Defendants, Plaintiffs seek exemplary damages against Defendants in an amount deemed appropriate by the jury.

**D.     Interest**

9.4     Plaintiffs seek pre-judgment and post judgment interest at the applicable rate allowed by law.

## X.
## JURY DEMAND

10.1     Pursuant to TEX. R. CIV. P. 216, Plaintiffs respectfully request a trial by jury.

## XI.
## CONDITIONS PRECEDENT

11.1     Pursuant to TEX. R. CIV. P. 54, all conditions precedent to Plaintiffs' rights to recover herein and to Defendants' liability have been performed or have occurred.

## XII.
## RESERVATION OF RIGHTS

12.1     Plaintiffs reserve the right to amend their pleadings to add additional counts and/or parties as discovery continues.

## XIII.
## REQUIRED DISCLOSURES

13.1     Plaintiffs hereby request that Defendants Cypress Transportation and Cypress Services produce all information identified in TEX. R. CIV. P. 194.2 (a)-(l) within 50 days of the service of this pleading.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray Defendants answer for their tortious conduct, this cause be set for trial before a jury, and that they recover a judgment of and from the defendants for actual and exemplary damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment and post-judgment interest, court costs, and such other and further relief Plaintiffs may be justly entitled, whether at law or in equity.

Respectfully submitted,

**HERRING LAW FIRM**

By: */s/ Gramm J. Klein*
**Mason W. Herring**
State Bar No. 24071746
**Gramm J. Klein**
State Bar No. 24104511
2000 West Loop South, Suite 2200
Houston, Texas 77027
Telephone: 832.500.3170
Telefax: 832.500.3172
E-mail: mherring@herringlawfirm.com
E-mail: gklein@herringlawfirm.com